**Surinder SINGH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75866.

United States Court of Appeals, Ninth Circuit.

Submitted March 19, 2008.*

Filed May 2, 2008.

Tsz–Hai Huang, Hardeep Singh Rai, Rai & Associates, PC, San Francisco, CA, for Petitioner.

Gary L. Anderson, Office of the U.S. Attorney, San Antonio, TX, James E. Grimes, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SKOPIL, FARRIS, and BEEZER, Circuit Judges.

## MEMORANDUM [**]

Surinder Singh, a native and citizen of India, petitions for review of a final decision issued by the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of asylum, withholding of removal, and Convention Against Torture (CAT) relief. We deny the petition for review.

## DISCUSSION

To establish his eligibility for asylum, Singh was required to prove he suffered past persecution or has a well-founded fear of future persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (en banc). Withholding of removal required him to demonstrate it is more likely than not that he would be subjected to persecution if he returns to India. *See Kohli v. Gonzales,* 473 F.3d 1061, 1070 (9th Cir.2007). For CAT relief, Singh had to establish it is more likely than not that he would be tortured with the acquiescence of the Indian government upon his return. *See Muradin v. Gonzales,* 494 F.3d 1208, 1210–11 (9th Cir.2007).

Singh contends he met these burdens because he was arrested, beaten and tortured as a result of his religion and his political activities. The IJ found, however, that Singh was not credible. We agree. Singh's contradictory evidence regarding where he lived, when he joined his political party, and what human rights organization he belonged to all go the heart of his claims and justify the denial of asylum. *See Singh v. Gonzales,* 439 F.3d 1100, 1108 (9th Cir.2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled.").

Because Singh failed to establish his eligibility for asylum, he also failed to meet the higher burden required for withholding of removal. *See Kumar v. Gonzales,* 439 F.3d 520, 525 (9th Cir.2006). His failure to establish his eligibility for asylum does not, however, preclude CAT relief. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003) (noting that "the standards for the two bases of relief are distinct and should not be conflated"). Nonetheless, because his claim of torture is based on the same testimony and evidence the IJ determined not to be credible, his CAT claim was also properly rejected. *See id.* at 1157.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.